UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

MIRACLE HILL NURSING AND            Case No.: 23-40398-KKS
REHABILITATION CENTER, INC.            Chapter 11

    Debtor.
_____/       Adv. Pro.: 23-04009-KKS

1329 ABRAHAM STREET HOLDINGS LLC,

    Plaintiff,

v.

FLORIDA STATE PRIMITIVE BAPTIST
CONVENTION INC; MIRACLE HILL
NURSING AND REHABILITATION
CENTER INC.; and JOHN DOE, as
Unknown Parties in Possession,

    Defendants.
_____/

**PLAINTIFF, 1329 ABRAHAM STREET HOLDINGS LLC'S
<u>MOTION FOR ABSTENTION AND REMAND</u>**

Plaintiff, 1329 ABRAHAM STREET HOLDINGS LLC ("<u>1329 AHS</u>" or

"<u>Plaintiff</u>"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1334(c)

and 1452(b) and Fed.R.Bankr.P. 9027(d), hereby moves for abstention and remand of this case back to state court, and in support thereof states as follows:[1]

## RELEVANT BACKGROUND

1. The Debtor is fee simple owner of certain real property located at 1329 Abraham Street, Tallahassee, Florida 32304 ("Real Property"), operated by the Debtor as a skilled nursing and rehabilitation center.

2. On July 20, 2022, the Debtor duly executed and delivered to 1329 AHS a certain (i) Promissory Note, dated July 20, 2022 in the original principal amount of $600,000.00 ("Note"), and (ii) Real Estate Mortgage Security Agreement and Assignment of Leases and Fixture Filing ("Mortgage") recorded under O.R. Book 5760, Page 1602 in the Public Records of Leon County, Florida, securing repayment of the Note to 1329 AHS, true and correct copies of which are annexed as Exhibits "A" and "B", respectively, to Plaintiff's Amended Complaint attached hereto as Exhibit "1".[2]

3. On July 20, 2022, Guarantor, FLORIDA STATE PRIMITIVE BAPTIST CONVENTION, INC. (the "Convention"), duly executed and delivered

---

[1] Pursuant to Fed.R.Bank.P. 5011, 9015 and 9027 and 28 U.S.C. § 157, Plaintiff does not consent to entry of final orders or judgment, or to the trying of this matter by a jury, by this Bankruptcy Court with respect to this removed state court proceeding, and requests a hearing on this matter pursuant to Rule 7016(b).

[2] The Debtor filed a litany of exhibits days after the Notice of Removal, but failed to properly label such exhibits or otherwise provide an index or appendix, so Plaintiff is uncertain as to which of the 73 exhibits or docket entry contains a copy of Plaintiff's Amended Complaint.

to 1329 AHS a certain Guaranty and Membership Interest Pledge Agreement ("Pledge Agreement") for 100% of the Debtor's membership interests or units ("Membership Interests") as further security for the Note, a true and correct copy of which is annexed as Exhibit "C" to Exhibit "1" attached hereto.

4. The Note, Mortgage, and Pledge Agreement are further secured by two (2) UCC-1 Financing Statements in favor of Lender, filed on July 26, 2022 under Filing Nos. 202202417261 and 202202417170 with the Florida Secured Transactions Registry (collectively, the "UCC-1"), covering all collateral property as more particularly described therein, including "all … assets, … proceeds thereof", a true and correct copy of which is annexed as composite Exhibit "D" to Exhibit "1".[3]

5. The Debtor defaulted under the Note and Mortgage by failing to make the payments due, including the payment due to 1329 AHS on September 30, 2022, and all subsequent payments. Consequently, 1329 AHS demanded payment and accelerated the Note and Mortgage.

6. On April 5, 2023, as a result of the Debtor's default under the Loan Documents, the commenced foreclosure proceedings through the filing a Verified Complaint for Foreclosure and Other Relief, as amended on May 23, 2023,

---

[3] Plaintiff owns and holds the Note, Mortgage, Pledge Agreement, and all other related agreements executed by and between 1329 AHS, Debtor, and the Convention in connection with the Loan (collectively, the "Loan Documents").

("Amended Complaint"), against Defendants, Miracle Hill Nursing and Rehabilitation Center Inc. ("Miracle Hill") and Florida State Primitive Baptist Convention Inc. ("Convention") (collectively, "Defendants"), in the Circuit Court of the Second Judicial Circuit, Leon County, Florida, Case No. 2023-CA-001304 ("Foreclosure Action"), a true copy of which is attached hereto as **Exhibit "1"**.

7. On June 7, 2023, the Debtor filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and asserted a Restated Crossclaim against the Convention and Counterclaim against Plaintiff for declaratory relief and disparagement of title.

8. On June 7, 2023, the Convention also filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

9. Ultimately, to avoid a series of recent hearings and scheduled depositions in the Foreclosure Action – including a 4-hour specially set evidentiary hearing on Plaintiff's Motion to Sequester and Enforce Assignment of Rents scheduled for November 9, 2023 – the Debtor filed for voluntary relief under Chapter 11, Title 11 of the U.S. Bankruptcy Code on October 12, 2023 ("Petition Date").

10. On October 12, 2023, the Debtors filed their Notice of Removal of the Foreclosure Action pursuant to 28 U.S.C. §§ 1334 and 1452(a) [ECF No. 1].

11. As argued below, to the extent this Court possesses jurisdiction under 28 U.S.C. § 1334, 1329 AHS respectfully submits that this Court must abstain from exercising such jurisdiction and remand this action pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). Alternatively, this Court should exercise its discretion and remand this action pursuant to 28 U.S.C. § 1452(b), or abstain from hearing this action pursuant to 28 U.S.C. § 1334(c)(1), in the interests of comity with state courts and respect for state law.

## MEMORANDUM OF LAW

### A. Legal Standards

28 U.S.C. § 1452(a) authorizes a party to remove any civil action from state court to federal district court where the district court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1334, which grants original, but not exclusive, subject matter jurisdiction to the district courts over all civil actions "arising under," "arising in," or "related to" cases initiated under the Bankruptcy Code. 28 U.S.C. § 1334(b). As with any removal of a case from state court, it is the removing party's burden to prove that removal is appropriate under 28 U.S.C. § 1452(a). *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir.2007).

Notwithstanding that removal may be permitted by § 1452(a) and that a district court otherwise has subject matter jurisdiction pursuant to § 1334(b), the district court must abstain from exercising subject matter jurisdiction and must remand the case to state court where the action involves purely state law claims that

can be timely adjudicated in the state court. *See* 28 U.S.C. § 1334(c)(2). Similarly, the district court may exercise its discretion to abstain and remand the case to state court for any equitable reason, including where the interests of justice or comity would be served by abstention. *See* 28 U.S.C. §§ 1334(c)(1) and 1452(b).

Ultimately, because removal of an action from state court constitutes an infringement on state sovereignty, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999). Accordingly, there is a "strong presumption" in favor of state court jurisdiction, *Merced-Torres v. Merck & Co.*, 393 F.Supp.2d 1299, 1302 (M.D.Fla.2005), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411; *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla.1994) ("Where there is any doubt concerning jurisdiction of a federal court on removal, the case should be remanded").

### B. The Court Must Abstain under 28 U.S.C. § 1334(c)(2)

The Court is required to abstain from exercising subject matter jurisdiction and to remand this case to state court pursuant to 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court

> **shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

"Under 28 U.S.C. § 1334(c)(2), the 'mandatory abstention' provision, a bankruptcy court must abstain from hearing a state-law claim if (1) the claim has no independent basis for federal jurisdiction, other than § 1334; (2) the claim is related to, but does not arise under or in, a bankruptcy case; (3) an action has been commenced in state court; and (4) that action can be timely adjudicated in that state-court proceeding." *In re Kachkar*, 769 Fed.Appx. 673, 680 (11th Cir.2019) (quoting 28 U.S.C. § 1334(c)(2)). "§ 1334(c)(2) applies to state law claims that have been removed to federal court under § 1452(a)." *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir.2000). "As the statute's use of the word 'shall' indicates, this provision ... *compels* abstention when the statutory requirements are satisfied." *In re Adelphia Common's Corp.*, 285 B.R. 127, 140-41 (Bankr.S.D.N.Y.2002) (emphasis original).

Mandatory abstention applies to state law claims removed from state court. *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir.2000) (holding that "§ 1334(c)(2) applies to state law claims that have been removed to federal court under § 1452(a)"). The "shall abstain" language mandates that the court is without discretion to hear the matter if the provisions of § 1334(c)(2) apply. *In re Terry Manufacturing Co.*, 324 B.R. 147, 152 (Bankr.M.D.Ala.2005).

In short, § 1334(c)(2) requires a district court to abstain and remand when the following elements are met: (1) there is no independent basis for exercising federal subject matter jurisdiction other than § 1334(b), (2) the parties' claims do not "arise under" or "arise in" a bankruptcy proceeding, (3) an action was commenced in state court, and (4) the action can be timely adjudicated in state court. *See Perry v. Fla. Trucking Co.*, No. 8:09-CV-2328-T-27EAJ, 2010 WL 299255, at *1 (M.D.Fla. Jan. 21, 2010); *In re United Container LLC*, 284 B.R. 162, 171 (Bankr.S.D.Fla.2002). "As the statute's use of the word 'shall' indicates, this provision ... *compels* abstention when the statutory requirements are satisfied." *In re Adelphia Common's Corp.*, 285 B.R. 127, 140-41 (Bankr.S.D.N.Y.2002) (emphasis original).

Here, all the above elements under § 1334(c)(2) are present. First, there is no independent basis for federal jurisdiction and none is alleged by the Debtor in its Notice of Removal. It is the potential impact on the Debtor's estate which relates the Foreclosure Action to these bankruptcy proceedings. *C & A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94 (D.P.R.2007). However, absent the Debtor's bankruptcy petition, jurisdiction over this action would be lacking. *Id*. The Notice of Removal's sole basis for federal jurisdiction lies in 28 U.S.C. §§ 157(a)-(b), 1334(b), and 1452(a), without more [ECF No. 1, ¶¶4-6]. No other grounds for

federal jurisdiction are plead.[4] Even if adequately asserted, "[t]here is no independent basis for federal jurisdiction other than § 1334(b) … based on the asserted relationship of the state law claims to the bankruptcy case." *In re SOL, LLC*, 419 B.R. 498, 504 (Bankr.S.D.Fla.2009). Possibilities of jurisdiction not asserted in the Debtors' Notice of Removal "may not be asserted for the first time as a response to a request for mandatory abstention." *Id.*; *see Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir.2003) (declining to exercise subject-matter jurisdiction on a new basis asserted for the first time in an appellate brief, noting that the removing defendant "had the burden to plead this basis in its notice of removal"); *Nanotech Entm't, Inc. v. R&T Sports Mktg., Inc.*, 2014 WL 12611203, at *2 (S.D.Fla. Sept. 24, 2014) ("A court's jurisdiction in a removed action must be determined by reference to the notice of removal and a defendant cannot raise new grounds for removal in opposition to a motion for remand") (internal citations omitted).

Second, Plaintiff's Foreclosure Action "commenced in the state trial court" and "is based exclusively on state law causes of action. Although the civil action is 'related to' the debtor's bankruptcy case, it did not arise under the Bankruptcy Code or in a case under the Bankruptcy Code. The state court action raises no federal question and could not be in federal court except for the pending bankruptcy case.

---

[4] For example, "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004). Diversity does not exist here.

… the state court action was commenced in and can be timely adjudicated in the state court." *In re Perfect Home LLC*, 231 B.R. 358, 362 (Bankr.N.D.Ala.1999). "For the state law claim to be 'non-core,' as required by the second element of § 1334(c)(2), the claim must be related to a case under title 11, but not arise under or arise in a case under title 11." *In re Brooks*, 389 B.R. 790, 795 (Bankr.M.D.Fla.2008). "[A] matter is not a core proceeding [i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *SOL LLC*, 419 B.R. at 504 (citations omitted) (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir.1999)).

The underlying claims "clearly do not invoke rights created by bankruptcy law. … These claims are created by state tort and contract law. … Similarly, these claims existed prior to and independently of [the Debtors'] bankruptcy. … These claims clearly 'had existence' outside of the bankruptcy proceedings." *Joseph & Kirschenbaum LLP v. Tenenbaum*, 2020 WL 242374, at *4 (S.D.N.Y. Jan. 16, 2020) (citing *In re Robert Plan Corp.*, 777 F.3d 594, 597 (2d Cir.2015)). Indeed, Plaintiff's Foreclosure Action "does not arise under Title 11 as it is does not involve a cause of action created or determined by the bankruptcy code… Furthermore, the removed action does not arise in a case under Title 11 because it can exist (and in fact arose) outside of the bankruptcy case." *C & A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth.*, 369 B.R. 87, 91 (D.P.R.2007).

Further, while the Foreclosure Action "could drastically affect both the debtor-creditor relationship and the assets of the estate, it is a matter which, but for the intervention of bankruptcy, could have been brought in a state court, and therefore cannot be styled a core proceeding." *C & A, S.E.*, 369 B.R. at 93. Resolving the claims by and between the parties and ultimately liquidating the sums owed to Plaintiff to final judgment in the Foreclosure Action is "not an 'essential part of administering the estate.'" *Tenenbaum*, 2020 WL 242374, at *4 (quoting *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir.2010)).[5]

The Debtor ignores that the state court has jurisdiction as to both the Debtor <u>and</u> the Convention, as a non-filing co-debtor. *See e.g., In re Orlando Gateway Partners, LLC*, 555 B.R. 848, 852 (Bankr.M.D.Fla.2016) ("The Court also notes that only the Fifth DCA has jurisdiction over *all* the Judgment Debtors, including not just the two bankrupt Debtors but Thakkar and his various entities.") (emphasis original). The Convention is **not** a debtor in bankruptcy and is not entitled to the benefits of bankruptcy protection without such entity being a "debtor" under the Bankruptcy Code. *See e.g., In re Alvarez*, 2012 WL 1425097, at *2 (Bankr.S.D.Fla.

---

[5] The Court also has authority to grant limited stay relief under 11 U.S.C. § 362(d) to allow the state court to reduce the amounts owed to final judgment, but reserve jurisdiction as to the execution, levy, collection, or foreclosure sale of any assets which are deemed property of the estate under 11 U.S.C. § 541(a) and necessary to an effective reorganization. *See Matter of Certified Mortg. Corp.*, 20 B.R. 787, 788 (Bankr.M.D.Fla.1982) ("it is appropriate to lift the automatic stay and authorize the Plaintiff to commence a foreclosure action provided, however, that the Plaintiff shall not proceed further than to obtain a summary final judgment and further provided that the Plaintiff shall not apply for and conduct a foreclosure sale without further relief of this Court").

Apr. 24, 2012) (Cristol, J.) ("The debtor seeks to provide her with the benefit of having filed bankruptcy without her having borne the burden").

Moreover, "[a]ny judgment against [the non-debtors], would not directly determine or adjust the relationship of the debtors to their creditors. Where, as here, claims are asserted against an individual, non-debtor who is the shareholder and president of the debtor corporation, the action is considered non-core." *Glob. Underwriting Mgmt., Inc. v. Chatham Underwriting Mgmt., Inc.*, 147 B.R. 601, 603 (Bankr.S.D.Fla.1992) (citing *In re Cinematronics, Inc.,* 916 F.2d 1444 (9th Cir.1990)).

Finally, "the state court action was commenced in and can be timely adjudicated in the state court." *Perfect Home LLC*, 231 B.R. at 362. "The third factor required for mandatory abstention is that an action has been commenced in state court. In this case, an action has been commenced in state court prior to the bankruptcy filing. Indeed, the state court action is the action the [Debtors] [have] sought to remove." *SOL LLC*, 419 B.R. at 507. "[T]he court must give some deference to the Plaintiff[''s] decision to litigate this state law action in state court." *Hatcher v. Lloyd's of London*, 204 B.R. 227, 234 (M.D.Ala.1997) (citing Burns, 31 F.3d at 1095). As Plaintiff's Foreclosure Action was filed *prior* to the Debtor's removal, the state court is well-equipped to timely adjudicate the parties' dispute. The "state court could adjudicate and resolve this case in a timely fashion." *Tenenbaum*, 2020 WL 242374, at *5. Requiring the parties to begin this litigation

anew in federal court would only delay the current proceedings. *See United Container*, 284 B.R. at 174-76 (finding that claims could be timely adjudicated in state court in part because substantial litigation had already taken place in state court and because the parties' controversy was relatively simple and arose entirely under state law).

Plaintiff's "action arises solely under state law, … There is no independent basis for federal jurisdiction, as the claims were brought solely pursuant to state law. … Plaintiff unquestionably brought this action in state court. Each of these factors weighs in favor of mandatory abstention." *Tenenbaum*, 2020 WL 242374, at *5.

Based upon these facts, and since all the elements are met, § 1334(c)(2) mandates that the Court abstain from exercising jurisdiction over this matter "which in effect sends the action back to its original court." *In re Norrell*, 198 B.R. 987, 997 n.11 (Bankr.N.D.Ala.1996) ("Courts recognize that decisions to remand an action and decisions to abstain from hearing an action produce the same results"); *see In re Cache,* 71 B.R. 851, 852 (Bankr.S.D.Fla.1987) (abstaining and remanding to state court under § 1334(c)(2)).

### C. **Alternatively, Cause Exists for Permissive Abstention and Equitable Remand**

In the event the Court disagrees with Plaintiff that abstention and remand are mandatory, the Court should nevertheless exercise its discretion to abstain and remand pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b).

Section 1452(b) permits a district court to remand a claim or cause of action that was removed due to the existence of jurisdiction under § 1334 on "any equitable ground." 28 U.S.C. § 1452(b). Similarly, § 1334(c)(1) allows a court to abstain from hearing a case that "relates to" a bankruptcy proceeding where abstention would be "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts enjoy broad discretion to abstain and remand under these provisions. *United Container*, 284 B.R. at 176.[6]

"Although [§ 1334(c)(1)] does not provide specific factors to be considered, courts have developed a set of considerations to aid in the determination of whether abstention in this context is warranted." *Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257, 1267 (M.D.Ala.2002). "Courts look to a host of non-dispositive factors in deciding whether to abstain." *In re Ohlsson*, 565 F.Supp.3d 1235, 1241 (M.D.Fla.2021), *aff'd,* 2022 WL 16985512 (11th Cir. Nov. 17, 2022) (citations omitted). The non-exhaustive criteria courts routinely consider when assessing abstention of under § 1334(c)(1) includes: "(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the

---

[6] "The doctrines of equitable remand and permissive abstention are similar and courts generally consider the same factors in analyzing both sections." *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 267 (Bankr.S.D.Fla.2010).

presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action." *United Container*, 284 B.R. at 176.

Of the relevant factors that conceivably apply to this case, all counsel in favor of the Court exercising its discretion to abstain. To begin, abstention will not affect adversely the administration of the Debtor's estate in any way that is different than allowing this matter to proceed in this Court (Factor 1), this case involves other non-debtor parties (Factor 12), there are no related proceedings in any state court or other non-bankruptcy court (Factor 4), the claims are, in form and substance, state law issues and predominate over bankruptcy issues and non-core (Factors 2, 8), the issues in this case are not complex or novel (Factor 3), there is no independent basis for exercising federal subject matter jurisdiction (Factors 2, 5), the parties have completed substantial litigation in the state court (Factor 9, 10), and requiring the

parties to relitigate the Foreclosure Action in this Court would prejudice 1329 AHS delaying its entitlement to a timely resolution of its claims and liquidation of the sums owed debt owed to it under the Loan Documents, against not only the Debtor but the non-debtor Convention as well (Factors 12, 13, 14).

As a result, abstention would also serve comity (Factor 13)—the well-established principle that a federal court should defer action on a matter involving state law until a state court of competent jurisdiction has had an opportunity to resolve the matter itself. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).

Further, it is obvious that the Debtor's removal of the Foreclosure Action is nothing more than an attempt at forum shopping. *See In re Condra*, 212 B.R. 987, 991 (Bankr.M.D.Ala.1997) ("This case gives the impression that it is before the Bankruptcy Court as an attempt by the defendants at 'forum shopping.' Where the law in the Eleventh Circuit, as it exists today and at the time this case was filed, provides, through a wealth of case law, that, if the cause of action sounds in state law, then it is in a state forum that the case should be tried. The issue seems to be well settled").

After considering the above factors, the interests of justice, and respect for the courts and laws of the State of Florida, it is clear that abstention and remand is warranted. Accordingly, the Court should exercise its discretion to permissively abstain and remand this case back to the underlying state court pursuant to 28 U.S.C. §§ 1452(b) and 1334(c)(1). *See In re Olajuwon Interests*, 2003 WL 124469, at *3

(N.D.Tex. Jan. 9, 2003) (finding that, "after balancing the factors … they weigh in favor of permissive abstention and equitable remand").

Plaintiff expressly reserves the right to amend or supplement this Motion at any time in the future.

**WHEREFORE**, for the reasons set forth herein, Plaintiff, 1329 Abraham Holdings LLC, respectfully requests the Court exercise discretion and abstain from this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and/or (c)(2); remand this matter back to the state court under 28 U.S.C. § 1452(b); grant limited relief from the automatic stay under 11 U.S.C. § 362(d);[7] and for such other and further relief as this court deems just and proper.

Dated: November 10, 2023  Respectfully submitted,

**READ LAW PLLC**
*Counsel for Plaintiff,*
*1329 Abraham Street Holdings LLC*
25 SE Second Ave, Suite 828
Miami, Florida 33131
Phone: (305) 209-2131
asr@alexisreadlaw.com

By: /s/ *Alexis S. Read*
    Alexis S. Read, Esq.
    Fla. Bar No. 98084

---

[7] *See In re Cache, Inc.*, 71 B.R. at 852–53 (abstaining and granting relief from stay, but retaining jurisdiction for purposes of determining impact of chapter 11 plan).

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 9013-1 (2020 Advisory Committee Notes) and District Local Rule 7.1(F), the body of this Motion contains 4,064 words according to the word count in the word processing program used to create it.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 9013-1(A)(2)

The undersigned counsel certifies she conferred with Debtor's counsel, Scott Stichter, via phone conference who objects to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2023, a true and correct copy of the forgoing was served via Notice of Electronic Filing (CM/ECF) to all parties on the Court's Service List:

- Jodi Daniel Dubose    jdubose@srbp.com, jdubose.ecf@srbp.com
- Scott A. Stichter    sstichter.ecf@srbp.com

**READ LAW PLLC**
*Counsel for Plaintiff,*
*1329 Abraham Street Holdings LLC*
25 SE Second Ave, Suite 828
Miami, Florida 33131
Phone: (305) 209-2131
asr@alexisreadlaw.com

By: /s/ *Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084