# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

In re:

MIRACLE HILL NURSING AND           Case No.: 23-40398-KKS
REHABILITATION CENTER, INC.           Chapter 11

    Debtor.
_____/           Adv. Pro.: 23-04009-KKS

1329 ABRAHAM STREET HOLDINGS LLC,

    Plaintiff,

v.

MIRACLE HILL NURSING AND
REHABILITATION CENTER INC., *et al.*,

    Defendants.
_____/

MIRACLE HILL NURSING AND
REHABILITATION CENTER INC.,

    Counter / Cross-Plaintiff,

vs.

1329 ABRAHAM STREET HOLDINGS LLC,

    Counter-Defendant.

vs.

FLORIDA STATE PRIMITIVE BAPTIST
CONVENTION INC.,

    Cross-Defendant.
_____/

1

# JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE

Plaintiff/Counter-Defendant, 1329 ABRAHAM STREET HOLDINGS LLC ("ASH LLC" or "Plaintiff"), Debtor/Defendant/Counter-Plaintiff, MIRACLE HILL NURSING AND REHABILITTION CENTER, INC. ("Debtor" or "Defendant"), and Defendant/Cross-Defendant, FLORIDA STATE PRIMITIVE BAPTIST CONVENTION INC. ("Convention" or "Defendant") (Debtor and Convention, collectively, "Defendants"), hereby submit this Joint Report pursuant to Fed.R.Civ.P.26(f) and this Court's Initial Scheduling Order (the "Scheduling Order") [D.E. 31]:

## MATTERS RAISED IN RULE 26(f)

The parties, through their counsel identified as follows, participated in a Rule 26(f) conference on April 19, 2024, by phone: (a) Alexis S. Read, Esq. for ASH LLC; (b) Scott Stichter, Esq. for the Debtor; and (c) Adina Pollan, Esq. for the Convention.

Subsequently, counsel for ASH LLC and the Debtor separately conferred and Mr. Stichter advised that the Debtor does not plan to proceed with or otherwise prosecute its counterclaims alleging lack of consideration and lack of corporate authority by the Debtor to enter into the loan transaction with ASH LLC.[1] Subject to

---

[1] Also raised as part of the Debtor's Objection to ASH LLC's Claim No. 7 filed in the main case. *See* D.E. 203.

a few outstanding issues, including a determination of the Debtor's claim that the HUD Regulatory Agreement renders ASH LLC's second mortgage void or voidable and the enforceability of the Pledge Agreement against the Convention, Mr. Stichter and Ms. Read are presently working on a joint stipulation that will hopefully resolve this adversary and wherein ASH LLC will have an allowed secured claim.

Notwithstanding the forgoing, in compliance with this Court's Scheduling Order, counsel for the respective parties met, conferred, and agreed to the instant Joint Rule 26(f) Report, and hereby provide the following responses to all matters raised in Rule 26(f) and the Scheduling Order:

1. **Rule 26(f)(3)(A) - Initial Disclosures under Rule 26(a)(1).**

To the extent they have not already done so, the parties will file their Rule 26(a) disclosures no later than June 7, 2024. The parties will supplement their initial disclosures as necessary in accordance with Rule 26(a).

2. **Rule 26(f)(3)(B) - the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties propose the following discovery plan, subject to being revisited by the parties or the Court:

    (a)    Deadline to serve all discovery requests:    June 1, 2024

    (b)    Deadline to complete fact discovery:    July 31, 2024

    (c)    Rule 26(a)(2) disclosures deadlines for expert witnesses: August 30, 2024 (subject to either party's request for extension)

(d) Deadline to complete expert discovery: September 30, 2024 (subject to either party's request for extension)

3. **Rule 26(f)(3)(C) - any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties anticipate the need for electronic discovery and have taken steps to ensure the preservation of relevant documents and electronically stored information ("ESI"). Disclosure or discovery of ESI shall be exchanged electronically. The parties agree to work in good faith to develop a protocol to govern the discovery of ESI. The parties agree to meet and confer over ESI issues in the event disputes arise, including the form or production of ESI and the scope of any such ESI.

4. **Rule 26(f)(3)(D) - any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Subject to modification by the parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Rule 26(b)(5) and a protective and/or confidentiality order to be agreed upon by the parties and entered by the Court. Disclosure of privileged, confidentiality, or protected discovery shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity.

5. **Rule 26(f)(3)(E) - what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the parties do not currently anticipate that changes to the limitations on discovery will be necessary.

6. **Rule 26(f)(3)(F) - any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The following pending Motions need to be set for hearing: (a) Plaintiff's Motion to Strike the Debtor's Affirmative Defenses, and (b) Plaintiff's Motion to Strike the Convention's Affirmative Defenses.

## MATTERS RAISED IN SCHEDULING ORDER

The parties also conferred and discussed the additional matters referenced in the Court's Scheduling Order [D.E. 31 at ¶2], as follows:

A. **Statement as to whether or not the proceeding is core or non-core and whether the parties object to the Court's entry of a final order or judgment.**

Debtor asserts this proceeding is core. Plaintiff asserts that this is a non-core proceeding and further objects to the entry of final orders or judgment by the bankruptcy court. [D.E. 3].

B. **The possibility of settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has**

**taken place.**

The parties are not opposed to a judicial settlement conference.

**C. Proposed timetables and cutoff dates for the joinder of parties, amendments to the pleadings, and filing of motions and responses.**

The parties propose the following cutoff dates, subject to being revisited by the parties or the Court:

(a) Deadline for amendment of the pleadings and joinder of parties: June 1, 2024

(b) Deadline for dispositive motions: September 6, 2024

(c) Deadline for pre-trial motions, including motions *in limine*: October 25, 2024

(d) Deadline to file joint pre-trial stipulation: November 1, 2024

(e) Requested date(s) for final pre-trial conference: November 18, 2204

**D. How long each party needs to conduct discovery; whether there are any current or foreseeable discovery disputes that may need Court intervention; and what, if any, changes should be made in the discovery procedures and time in the applicable Bankruptcy Rules.**

If Plaintiff and Defendants are unable to mutually resolve and settle their respective claims, Plaintiff will need to take at least 3-5 depositions. Plaintiff foresees some discovery disputes that will require judicial intervention.

**E. The approximate month and year the parties believe the case will be ready for trial and the time required for trial.**

Plaintiff proposes end of November 2024 and anticipates 1-2 days will be necessary for trial.

**F. Any other matters the parties deem appropriate and unique to the case that may need further development by the Court, including any disputes as to the information contained in the Joint Report.**

This case was removed from state court and includes causes of action which seek relief against the Debtor's property and assets. Recognizing that ASH LLC cannot proceed *in rem* against the Debtor or its assets pursuant to 11 U.S.C. §§ 362(a) and 541(a), those counts will need to be abated or stayed pending confirmation of the Debtor's proposed Chapter 11 Plan (which ASH LLC currently objects to) or dismissal of the bankruptcy case (which has the effect of remanding this matter back to state court). Plaintiff reserves all rights.

Additionally, both ASH LLC's claims and the Debtor's cross-claims include relief concerning the Pledge Agreement executed by the Convention which impacts the membership interests in the Debtor. The Debtor asserts that it is a non-profit entity that has not issued membership interests. Since it is the position of the Debtor that the Convention does not own any membership interests, the Debtor contends that there is no membership interests that the Plaintiff can seek to foreclose. The Plaintiff contends that if the Pledge Agreement is determined to be enforceable, the Pledge Agreement would grant ASH LLC 100% membership interest in the Debtor. The parties are

7

presently coordinating a conference call to evaluate this issue and determine if it can be resolved.

Respectfully submitted this 14th day of May, 2024.

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084
*Counsel for Plaintiff*
Read Law PLLC
25 SE 2nd Ave, Ste 828
Miami, FL 33131
e-mail: asr@alexisreadlaw.com

By: */s/ Adina Pollan*
Adina Pollan, Esq.
Fla. Bar No. [15639]
McGlinchey Stafford
10407 Centurion Pkwy N
Suite 200
Jacksonville, FL 32256
[e-mail: apollan@pollanlegal.com]
*Counsel for the Convention*

By: */s/ Scott Stichter*
Scott Stichter, Esq.
Fla. Bar No. 0710679
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, FL 33602
Email: sstichter@srbp.com
*Counsel for Debtor*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2024, a true and correct copy of the forgoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case:

- Jodi Daniel Dubose     jdubose@srbp.com, jdubose.ecf@srbp.com
- Adina L. Pollan     apollan@mcglinchey.com, nreid@mcglinchey.com
- Scott A. Stichter     sstichter.ecf@srbp.com, srbpecf@srbp.com

        **READ LAW PLLC**
        *Counsel for Plaintiff/Counter-Defendant,*
        *1329 Abraham Street Holdings LLC*
        25 SE Second Ave, Suite 828
        Miami, Florida 33131
        Phone: (305) 209-2131
        E-mail: asr@alexisreadlaw.com

By: /s/ *Alexis S. Read*
     Alexis S. Read, Esq.
     Florida Bar No. 98084