Filing # 176223680 E-Filed 06/27/2023 12:38:23 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**Case No.: 2023-CA-001304**

1329 ABRAHAM STREET HOLDINGS LLC,

     Plaintiff,

vs.

FLORIDA STATE PRIMITIVE BAPTIST
CONVENTION, INC.; MIRACLE HILL NURSING
AND REHABILITATION CENTER INC., *et al.*,

     Defendants.

_____/

**PLAINTIFF'S REPLY, AVOIDANCE, AND INCORPORATED MOTION TO STRIKE
DEFENDANT, THE CONVENTION'S AFFIRMATIVE DEFENSES**

     Plaintiff, 1329 ABRAHAM STREET HOLDINGS LLC ("Plaintiff"), by and through

undersigned counsel, pursuant to Fla.R.Civ.P. 1.140, moves to strike them and states that the

Defendant, FLORIDA STATE PRIMITIVE BAPTIST CONVENTION's ("Defendant" or

"Convention") Affirmative Defenses lack any basis in either law or fact, and are hereby denied

and avoided by Plaintiff.  In support thereof, Plaintiff states as follows:

**BACKGROUND[1]**

     1.     On April 5, 2023, Plaintiff filed its Complaint, as amended on March 23, 2023

("Verified Amended Complaint" or "Amended Complaint"), against Defendants, Miracle Hill

Nursing and Rehabilitation Center Inc. ("Miracle Hill") and Florida State Primitive Baptist

Convention Inc. ("Convention") (collectively, "Defendants").

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to
them in the Verified Amended Complaint.

2.     On June 17, 2023, Defendant filed its answer to the Verified Amended Complaint ("Answer") and asserted fourteen (14) affirmative defenses (the "Affirmative Defenses").

3.     As set forth below, nearly all of the Affirmative Defenses raised by Defendant are legally insufficient and factually deficient and should be stricken pursuant to under Fla.R.Civ.P. 1.140(f).

## LEGAL ARGUMENT

### A.     Plaintiff Denies and Avoids All of Defendant's Affirmative Defenses

4.     Plaintiff disputes, denies, and avoids each of Defendant's Affirmative Defenses (and all relief sought therein)—none of which sufficiently allege any grounds to bar Plaintiff's claims for recovery.

### B.     The Court Should Strike All Defendant's Affirmative Defenses

5.     An objection to a party's failure to state a legal defense in an answer or reply must be asserted by motion to strike. Fla.R.Civ.P. 1.140(b). A party may move to strike redundant, immaterial, impertinent, or scandalous matters from any pleading at any time. *See* Fla.R.Civ.P. 1.140(f).  This includes allegations that are wholly irrelevant or that have neither any bearing on the equities nor any influence whatsoever on the ultimate determination of the action. *Rice-Lamar v. City of Fort Lauderdale,* 853 So.2d 1125, 1133-34 (Fla. 4th DCA 2003).

6.     An "affirmative defense" is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability. Fla.R.Civ.P. 1.110(d); *St. Paul Mercury Ins. Co. v. Coucher,* 837 So.2d 483 (Fla. 5th DCA 2002); *Langford v. McCormick,* 552 So.2d 964 (Fla. 1st DCA 1989); *Mangum v. Susser,* 764 So.2d 653 (Fla. 1st DCA 2000). Affirmative defenses must be raised in the form of a confession and avoidance, and otherwise, they should be stricken. *BPS Guard Serv., Inv. v. Gulf*

*Power Co.,* 488 So.2d 432 (Fla. 2d DCA 1965); *see also Wiggins v. Portmay Corp.,* 430 So.2d 541, 542 (Fla. 1st DCA 1983).

7.      To state a valid affirmative defense, a pleader must provide a statement of the "ultimate facts" in support of each defense. *See* Fla.R.Civ.P. 1.110(b). The requirement of pleading ultimate facts supporting the defense is necessary to prove reasonable notice as to the nature of the defense. *See Zito v. Washington Fed. Sav. & Loan Ass'n,* 318 So.2d 175, 176 (Fla. 3d DCA 1975) ("[T]he requirement of certainty will be insisted upon in the pleading of a defense; and the certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence."); *Bliss v. Carmona,* 418 So.2d 1017, 1019 (Fla. 3d DCA 1982) ("Certainty is required when pleading defense and claims alike, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient."); *So. Fla. Coastal Elec., Inc. v. Treasures on the Bay II Condo. Ass'n,* 89 So.3d 264, 267 (Fla. 3d DCA 2012) ("A properly pled affirmative defense includes ultimate facts sufficient to provide notice of the proof the defendant intends to rely upon to defeat the plaintiffs claim.")

8.      An affirmative defense must be cognizable under the substantive law. *See Chris Craft Indus., Inc. v. Van Valkenberg*, 267 So.2d 642, 645 (Fla.1972). A movant seeking to strike a party's affirmative defenses must "demonstrate the lack of factual support for or the legal insufficiency of [the defendant's] affirmative defenses." *Hospital Correspondence Corp. v. McRae,* 682 So.2d 1177, 1182 (Fla. 5th DCA 1996). Thus, once an affirmative defense has been raised, the movant must either disprove it or show its legal insufficiency. *Florida Dept. of Agriculture v. Go Bungee, Inc.,* 678 So.2d 920, 921 (Fla. 5th DCA 1996). "Where there are no

facts pled to support general allegations of affirmative defenses, the defenses are legally insufficient." *Leal v. Deutsche Bank Nat'l Trust Co.*, 21 So.3d 907, 909 (Fla. 3d DCA 2009).

9.      As more particularly set forth below, nearly all the Affirmative Defenses raised by Defendant are legally insufficient and factually deficient, and therefore should be stricken by the Court. *See Robbins Roofing & Sheet Metal Co. v. Nichols,* 155 So. 96 (1934); *Rubin v. Lippman,* 156 So. 907 (1934); *Carpenter v. Lee,* 116 Fla. 584, 156 So. 606 (1934); *Powell v. New York Life Ins. Co.,* 194 So. 232 (1940).

### First Affirmative Defense

10.      Defendant's First Affirmative Defense falsely asserts that "Plaintiff lacks standing as it is not a 'holder' of a negotiable instrument because the note incorporates therein the term and conditions of the mortgage." [Answer, ¶84]. As a preliminary matter, Plaintiff's Counts II (suit on the Note) is against Miracle Hill (as Borrower) only, *not* the Convention. As a guarantor of the Note, the Convention – who is subject to a separate claim under Count V (suit on the Plegde) – merely guaranteed Miracle Hill's obligations due to Plaintiff under the Note and expressly agreed to "defend [Plaintiff's] right and security interest in and to the Collateral that such Pledgor is pledging hereunder against the claims and demands of all persons whomsoever … " [Am. Compl., Ex. C (Pledge), at p.53].

11.      Florida courts have universally found that promissory notes secured by mortgages in foreclosure cases are negotiable instruments. *See Mason v. Rubin*, 727 So.2d 283, 284 (Fla. 4th DCA 1999); *Perry v. Fairbanks Capital Corp.*, 888 So.2d 725, 726-727 (Fla. 5th DCA 2004); *Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F.Supp.2d 1294, 1302 (S.D.Fla.2006); *OneWest Bank, FSB v. Nunez*, 193 So.3d 13 (Fla. 4th DCA 2016). "For over a century, however, the Florida Supreme Court has held such notes are negotiable instruments."

*HSBC Bank USA, Nat'l Ass'n v. Buset*, 241 So.3d 882, 887 (Fla. 3d DCA 2018) (citing *Downing v. The First Nat'l Bank of Lake City*, 81 So.2d 486, 488 (Fla.1955)). "And every District Court of Appeal in Florida has affirmed this principle." *Buset*, 241 So.3d at 887.[2]

12.     On its face, the Note[3] sufficiently meets the criteria for a "negotiable instrument" under Florida Statute § 673.1041(1), as it states a promise by Miracle Hill to pay a fixed amount of principal of $600,000.00 with interest and other charges to Plaintiff, contains a definite time upon which it is payable with a maturity date of September 30, 2022, and does not state any other undertaking or instruction other than the payment of money. Under Florida Statute § 673.1061(1)(c), a mere reference to the Mortgage or other instrument pertaining to security does not in itself make Defendant's promise to pay under the Note conditional. *OneWest Bank FSB v. Nunez*, 193 So.3d 13, 15 (Fla. 4th DCA 2016).

13.     Further, even if negotiability was destroyed, such would only limit transferability, which is wholly inapplicable here. *See Buset*, 241 So.3d at 887. Plaintiff is the *original* owner and holder of the Note which has <u>not</u> been assigned or transferred to any third party. Plaintiff is plainly named in the Note as the only payee and thus is the "holder in due course" entitled to enforce same *against Miracle Hill. See OneWest Bank, FSB v. Nunez*, 193 So.3d 13, 14 (Fla. 4th DCA 2016). Pursuant to Fla. Stat. § 673.3011, the person entitled to enforce a negotiable instrument is the holder of the instrument. Florida courts have consistently held that a plaintiff may establish standing in foreclosure cases by producing the original note. *See Taylor v. Deutsche Bank Nat'l Trust Co.*, 44 So.3d 618, 622 (Fla. 5th DCA 2010) ("Because a promissory note is a negotiable

---

[2] Only one case, *Holly Hill Acres, Ltd. v. Charter Bank of Gainesville*, 314 So.2d 209 (Fla. 2d DCA 1975), has decided otherwise. However, *Holly Hill Acres* relies on outdated statutes that have since been repealed, such as Fla. Stat. §§ 673.3-105 (renumbered as 673.105 and then repealed in 1993).

[3] Attached to the Verified Amended Complaint as Exhibit "A".

instrument, and because a mortgage provides the security for the repayment of the note, this statute leads to the conclusion that the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder"); *BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So.3d 936, 938 (Fla. 2d DCA 2010) ("The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder's representative"); *Rodriguez v. Wells Fargo Bank, N.A.*, 178 So.3d 62, 63 (Fla. 4th DCA 2015) ("[T]he person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder"). To maintain a mortgage foreclosure action, a plaintiff must either present the original promissory note or give a satisfactory explanation for its failure to do so. *State St. Bank & Trust Co. v. Lord*, 851 So.2d 790, 791 (Fla. 4th DCA 2003) (citing Fla. Stat. § 90.953(1)); *W.H Downing v. First Nat'l Bank of Lake City*, 81 So. 2d 486 (Fla.1955); *Nat'l Loan Investors, L.P. v. Joymar Assocs.*, 161 So. d 549, 551 (Fla. 3d DCA 2000).

14.    Here, Plaintiff's counsel is in possession of the *original* Note and there are no allegations that is has been "lost, stolen, or destroyed." Fla. Stat. § 702.11(2). The Amended Complaint plainly alleges Plaintiff is the "owner and holder of the Note and Mortgage." [Am. Compl., ¶¶2, 22, 50, 59]. Thus, Defendant's First Affirmative Defense is not based on any facts to support it, such as facts describing how or why Plaintiff would lack standing to enforce the Note as a holder in due course. Accordingly, as Defendant's First Affirmative Defense lacks any basis in law or fact, and fails as a matter of law, it must be stricken with prejudice.

### *Second Affirmative Defense*

15.    Defendant's Second Affirmative Defense asserts that "Plaintiff's claims are barred by the failure of consideration" [Answer, ¶85], which is not an affirmative defense at all, but rather

a mere denial of Plaintiff's *prima facie* case and an attack on the elements of Plaintiff's claims on the Note *which the Convention is not a party to*. Such affirmative defense is clearly invalid as a matter of law. *See Zeron v. C & C Drywall Corp., Inc.*, 09-60861-CIV, 2009 WL 2461771, at *2 (S.D.Fla. Aug. 10, 2009) (Cohn, J.); *see also In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense"). "Plea of want of consideration is insufficient, amounting to a plea of the general issue. In an action upon a promissory note, a plea of want of consideration, which merely avers that there was no consideration for the note, is insufficient because it amounts to a plea of the general issue, which is forbidden in an action of this kind." *Forbes v. Ft. Lauderdale Mercantile Co.*, 90 So. 821 (Fla.1922); *see Williams v. Peninsular Grocery Co.*, 75 So. 517, 522 (Fla.1917) ("A consideration is presumed. The plea offered in this case is in effect the same as a general issue which is forbidden in an action on a promissory note. … The object of the rule is to require the defendant to apprise the plaintiff of the facts upon which he relies to avoid the payment of the obligation, or to defeat it as being without consideration").

16.     Defendant's Second Affirmative Defense is insufficient and merely a conclusion unsupported by any specific allegation of facts. *See Chris Craft Indus., Inc. v. Van Valkenberg*, 267 So.2d 642, 645 (Fla.1972) ("The portion of the answer averring that the assignment of the mortgage to the complaint 'was made without consideration' was properly stricken since it is a mere conclusion not supported by any specific allegation of facts"). Defendant fails to allege any facts regarding the purported lack consideration provided by Plaintiff, who undisputedly funded the Note which Miracle Hill benefited from, as evidenced by the wire transfers from Plaintiff to Miracle Hill reflecting a total funding of $596,700.00 ($600,000.00 less documentary stamp taxes

of $3,300.00),[4] true copies of which are attached hereto as composite **Exhibit "1"**. To prove a valid promissory note, the party seeking enforcement must show that something of value was exchanged. *See St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla.2004); *see also Schaeffer v. Gilmer,* 353 So.2d 847, 851 (Fla. 1st DCA 1977) (holding that trial court correctly struck affirmative defense of lack of consideration for guaranty agreement reasoning that "[o]bviously, the consideration [for the guaranty] was [the lender's] agreement to loan $4,150,000.00 to [the borrower]"). Because the Note and Mortgage are clearly supported by valid consideration, Defendant's Second Affirmative Defense fails as a matter of law and must be stricken with prejudice.

### *Third Affirmative Defense*

17. Defendant's purported Third Affirmative Defense of "failure of one or more conditions precedent" [Answer, ¶86] lists myriad of purported failures which are all distinct arguments that require individual and nuanced factual support. Defendant must separate these defenses and produce facts to support each one. Further, Defendant's Third Affirmative Defense is entirely duplicative of Defendant's Second, Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses and thus must be stricken as redundant pursuant to Fla.R.Civ.P. 1.140(f).

18. Further, under Florida law, a condition precedent to suit can be satisfied with "substantial compliance." *See Alvarez v. Rendon*, 953 So.2d 702 (Fla. 5th DCA 2007); *Seaside Comm. Dev.Corp. v. Edwards*, 573 So.2d 142 (Fla. 1st DCA 1991); *In re Harrell*, 351 B.R. 221 (Bankr.M.D.Fla.2006) (it is an elementary rule that a condition precedent must be substantially

---

[4] *See* Exhibit "B" (Mortgage) to Amended Complaint, p.33 – "Florida Documentary Stamp Taxes in the amount of $2,100.00 and Nonrecurring Intangible Taxes in the amount of $1,200.00 are being paid upon the recordation of this instrument."

performed for recovery under a contract). Even if a lender fails to substantially comply with a condition precedent to foreclosure, unless the breach results in some prejudice to the borrower, the breach does not bar enforcement of the mortgage. *See Gorel v. Bank of New York Mellon*, 165 So.3d 44, 47 (Fla. 5th DCA 2015) ("Absent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract"). A denial under Fla.R.Civ.P 1.120(c) requires identification of both the nature of the condition precedent and the nature of the alleged noncompliance. *Deutsche Bank Nat'l Trust Co. v. Quinon*, No. 2D14-1560, 2016 WL 166648 (Fla. 2nd DCA 2016). Here, Defendant does not allege any act or omission by the Plaintiff to meet the requirement to identify the nature of the non-compliance or the nature of the condition precedent. Accordingly, Defendant's Third Affirmative Defense is legally insufficient and must be stricken with prejudice.

### *Fourth Affirmative Defense*

19.     Defendant's Fourth Affirmative Defense asserts that the instant case "should be dismissed or stayed based on Plaintiff's failure when it filed the Complaint to obtain a certificate of authority to transact business in this state per Section 607.1502, F.S." [Answer, ¶87], which, like its other Affirmative Defenses, is a mere denial.

20.     Further, Plaintiff, as a foreign limited liability company, is not governed by Florida Statute § 607.1502, which applies to corporations only. The applicable statute, Florida Statute § 605.0904, merely states that "[a] foreign limited liability company transacting business in this state … may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state" and further provides that "[t]he failure of a foreign limited liability company to have a certificate of authority to transact business in this state does not impair the validity of any contract, deed, mortgage, security interest, or act of the foreign limited liability

company or prevent the foreign limited liability company from defending an action or proceeding in this state." Fla. Stat. § 605.0904(1) & (4). Nothing in § 605.0904 requires the Court to dismiss this action in the absence of a certificate, but rather "stay the proceeding until the foreign limited liability company … has obtained a certificate of authority to transact business in this state." Fla. Stat. § 605.0904(3). Indeed, "[c]reating or acquiring indebtedness, mortgages, and security interests in real or personal property" expressly "[does] not [constitute] transacting business within the meaning of s. 605.0902(1)." Fla. Stat. § 605.0905(1)(g).

21.     Notwithstanding, Plaintiff is, in fact, authorized to conduct business in the State of Florida, *see* Certificate of Authentication attached hereto as **Exhibit "2"**, and thus Defendant's Fourth Affirmative Defense lacks any basis in law or in fact, fails as a matter of law, and must be stricken with prejudice.

***Fifth Affirmative Defense***

22.     Defendant's Fifth Affirmative Defense, which asserts that the instant case "should be dismissed or stayed based on Plaintiff's failure when it filed the Complaint to obtain a certificate of possession of the original promissory note as required by Section 702.015(4), F.S. and Rule 1.115(c), Fla.R.Civ.P." [Answer, ¶88], is legally insufficient and fails as a matter of law, as the Verified Amended Complaint, *agreed to by Defendant*,[5] plainly contains the requisite Certificate of Note Possession [Am. Compl., p.19]. Florida Statute § 702.015(4) at no time addresses the situation of an amended complaint being filed. Nothing in § 702.015(4) states that the Plaintiff must certify possession contemporaneously with the commencement of the action. Instead, it provides the certification must be filed "contemporaneously with the filing of the complaint for foreclosure." *Id.*; *see also* Fla.R.Civ.P. 1.115(c) ("the claimant must file under penalty of perjury

---

[5] *See* Agreed Order entered on May 23, 2023 [D.E. 31].

a certification contemporaneously with the filing of the claim for relief for foreclosure that the claimant is in possession of the original promissory note").

23. "Section 702.015(4) and rule 1.115(c) do not create a mandatory pre-suit requirement such that a trial court has only a ministerial duty to dismiss the complaint if a certification is not included. … The certification requirement of the statute was not intended to be a prerequisite to suit but was instead intended to expedite the foreclosure process. … In fact, section 702.015(6) states that the court may sanction a plaintiff for failure to comply, which contradicts any argument that these are mandatory conditions precedent to suit or that the complaint must be dismissed for failure to comply, thus creating a mandatory, non-discretionary duty." *Campbell v. Wells Fargo Bank, N.A.*, 204 So.3d 476, 479-80 (Fla. 4th DCA 2016) (internal citations omitted) (citing Fla. Stat. § 702.015(1)) ("The Legislature intends that this section expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case"). "Even if the certification was defective, the filing of the certification is not a prerequisite to suit such that any defect in the certification would require dismissal of the complaint." *Bank of Am., N.A. v. Leonard*, 212 So.3d 417, 418 (Fla. 1st DCA 2016) (citing *Campbell*, 204 So.3d at 479). Accordingly, Defendant's Fifth Affirmative Defense lacks any basis in law or in fact, fails as a matter of law, and must be stricken with prejudice.

### *Sixth Affirmative Defense*

24. Defendant's Sixth Affirmative Defense—that "Plaintiff must provide adequate protections for the Note if lost, destroyed, or stolen, per Section 702.11, F.S." [Answer, ¶89]—is not an affirmative defense, but rather simply a denial of an element of Plaintiff's *prima facie* claim and should be stricken. It is well settled that such denials are not an affirmative defense. *See Gatt*

*v. Keyes Corp.,* 446 So.2d 211, 212 (Fla. 3d DCA 1984) (affirming trial court's order striking affirmative defense that simply denied facts contained in the complaint and did not raise any new matters). In fact, an affirmative defense that merely denies a claim is not an affirmative defense at all. *BPS Guard Services*, 488 So.2d at 641. Nowhere in the Verified Amended Complaint is it alleged that the Note was lost, stolen, or destroyed. Indeed, Plaintiff's counsel is in actual possession of the original wet ink Note. [*See* Certificate of Note Possession attached to the Amended Complaint at p.19]. Alleging that the Plaintiff "must" undertake an act or provide "adequate protections" for a nonexistent circumstance is not an affirmative defense. Accordingly, Defendant's Sixth Affirmative Defense fails as a matter of law and should be stricken with prejudice.

### Seventh Affirmative Defense

25.     Defendant's Seventh Affirmative Defense alleging "unclean hands" [Answer, ¶90] is legally insufficient and fails to meet the specificity and particularity requirement of Fla.R.Civ.P. 1.140(b) in that it fails to allege how and why Plaintiff has unclean hands. The Seventh Affirmative Defense is tantamount to a legal conclusion. Among other things, Defendant fails to offer any facts to support its baseless accusations but merely alleges conclusory statements. To state a valid affirmative defense, a pleading must provide a statement of "ultimate facts" in support of each defense. *Chris-Craft Indus., Inc., v. Van Walkenberg*, 267 So.2d. 642, 645 (Fla.1972).

26.     In addition, at least four separate elements must be both plead and proven to establish a defense of unclean hands: (a) the Plaintiff's subject claim or defense is equitable in nature; (b) the Plaintiff's own conduct toward the defendant was deceptive, unfair, and/or unscrupulous; (c) the wrongful conduct was generally connected with the matter in litigation; and (d) the Plaintiff's wrongful conduct affected or injured the defendant (for example, Defendant

relied upon the Plaintiff's wrongful conduct). *See Macintosh v. Hough,* 601 So.2d 1170, 1172-173 (Fla.1992) ("The fact that a party's conduct is disreputable would be entirely irrelevant in those cases where the party asserting unclean hands has taken no action in reliance on that conduct, however disdainful of that conduct a Court may be."); *McCollem v. Chidnese,* 832 So.2d 194, 196 (Fla. 4th DCA 2002) (party must both plead and prove an injury in order for the unclean hands doctrine to apply). Thus, in order to make a *prima facie* pleading of the affirmative defense of unclean hands, Defendant must plead sufficient facts to demonstrate that Plaintiff's wrongdoing is both directly related to its claim and that Plaintiff's conduct personally injured Defendant. *See Calloway v. Partners Health,* 986 F.2d 446, 450-451 (11th Cir. 1993).

27.     This affirmative defense clearly fails as a matter of law. Florida courts view the application of the doctrine of unclean hands as "an extreme sanction which ought to be invoked under only the most provocative or contumacious circumstances." *Cain v. Cain*, 436 So.2d 367,369 (Fla. 4th DCA 1983). See also *Roberts v. Roberts*, 84 So.2d 717, 720 (Fla.1950). Those circumstances are limited to "conduct condemned by honest and reasonable men" such as "[u]nscrupious practices, overreaching, concealment, trickery, or other unconscientious conduct." *Hensel v. Aurillo*, 417 So.2d 1035, 1038 (Fla. 4th DCA 1982). Defendant merely alleges that Plaintiff has unclean hands because Miracle Hill's Board of Director's purportedly did not approve the subject mortgage loan. That behavior hardly is detailed enough or equates to the "[u]nscrupulous practices, overreaching, concealment, trickery, or other unconscientious conduct" necessary for the Court to utilize the doctrine and bar Plaintiff from relief. *Hensel*, 417 So.2d at 1038. Moreover, even a well-pled unclean hands defense rarely thwarts foreclosure. Unclean hands "should not be invoked to deny an equitable remedy to one who seeks the enforcement of the legal right to compel a party to a contract to do that which was in the contemplation of the parties as

expressed in their contract. Equity ought to require doing that which should have been done." *Henry v. Ecker*, 415 So.2d 137, 140 (Fla. 5th DCA 1982).

28.     Additionally, like its Second Affirmative Defense, Defendant's unsupported allegations that "Plaintiff did not fund or fully fund the loan" is belied by the wire transfer advices evidencing Plaintiff's funding. *See* Exhibit "1". Accordingly, Defendant's unclean hands affirmative defense is legally insufficient and fails to bar foreclosure. As such, Defendant's Seventh Affirmative Defense should be stricken.

### *Eighth Affirmative Defense*

29.     Defendant's Eighth Affirmative Defense alleging "equitable estoppel" is also legally insufficient and should be stricken. [Answer, ¶91]. "Equitable estoppel must be applied with great caution." *Watson Clinic, LLP v. Verzosa,* 816 So.2d 832, 834 (Fla. 5th DCA 2002). "The elements that must be established to prove an equitable estoppel are: (1) the party against whom the estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it." *Davis v. Evans,* 132 So.2d 476, 481 (Fla. 1st DCA 1961); *Goodwin v. Blu Murray Ins. Agency, Inc.,* 939 So.2d 1098, 1103 (Fla. 5th DCA 2006).

30.     "Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position: …The doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully causes another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury." *Florida Department of Health and Rehabilitative Services v. S.A.P.,* 835 So.2d 1091, 1096-97 (Fla.2002) (citations

omitted). "Equitable estoppel presupposes a legal shortcoming in a parties' case that is directly attributable to the opposing party's misconduct." *Id.* at 1097.

31.     Here, Defendant's purported "estoppel" defense does not set forth facts establishing estoppel. "The essential elements of the defense of estoppel are that a representation of some material fact must have been made by the party estopped to the party claiming estoppel, which representation is contrary to the [condition] of affairs later asserted by the estopped party; the party claiming estoppel must have relied upon such representations and, because of such reliance, changed his position to his detriment." *Phoenix Ins. Co. v. McQueen,* 286 So.2d 570, 572 (Fla. 1st DCA 1973). Defendant's Eighth Affirmative Defense does not establish, let alone allege, a material change of position by the Defendant. *Watson Clinic, LLP,* 816 So.2d 832, 835 (Fla. 2d DCA 2002). Further, Defendant's false allegation that Plaintiff "did not fund or fully fund the loan" is belied by the record evidence in this case. *See* Exhibit "1". As such, Defendant's Eighth Affirmative Defense is legally insufficient as a matter of law and must be stricken.

### Ninth and Tenth Affirmative Defenses

32.     Defendant's purported Ninth Affirmative Defense alleging that Plaintiff's claims are "barred because Miracle Hill Board of Directors did not approve the alleged loan and the execution of the Loan Documents" [Answer, ¶92] and Tenth Affirmative Defense—that "Plaintiff's claims in Counts V and VI are barred because Defendant has no membership interest in Miracle Hill" [Answer, ¶93]—are improper as thinly disguised denials. A denial should not be pleaded affirmatively. *See Tropical Exterminators, Inc. v. Murray,* 171 So.2d 432, 433 (Fla. 2d DCA 1965), *cert. denied* 177 So.2d 475 (Fla.1965). Because a denial is not an affirmative defense, this "defense" should be stricken. *See Gatt,* 446 So.2d at 212 (affirming trial court's order striking affirmative defense that simply denied facts contained in the complaint and did not raise any new

matters); *Zito*, 318 So.2d at 176 (recognizing in mortgage foreclosure action that the "portion of the affirmative defense alleging that the note was not in default does not constitute an affirmative defense, but is merely a denial").

33.     Again, Defendant repeats the same previously unsupported allegations, to wit: that the "Miracle Hill Board of Directors did not approve the alleged loan and the execution of the Loan Documents" [Answer, ¶92], which is duplicative of the Third, Seventh, and Eighth Affirmative Defenses. Like its other Affirmative Defenses, Defendant's Ninth and Tenth Affirmative Defenses are impermissibly vague, fail to identify any legally cognizable affirmative defense, and are entirely unsupported by the facts of this case. Affirmative defenses must contain sufficient allegations of cognizable affirmative defenses. *Coble v. Lekanidis*, 372 So.2d 506, 509 (Fla. 1st DCA 1979).

34.     Further, Defendant's Ninth and Tenth Affirmative Defenses do not actually admit the cause(s) of action, but rather avoids liability by only alleging excuse or other matter negating the cause. Although difficult to decipher, it appears to be in the form of a denial of Plaintiff's claims. Without allegations of ultimate facts explaining how Miracle Hill's Board of Directors' alleged non-approval of the Loan Documents or how the Defendant's purported lack of membership interest in Miracle Hill is a bar to Plaintiff's Counts V and VI, Defendant's absurd excuses cannot constitute a sufficient or legally cognizable affirmative defense. The failure to set forth any, let alone sufficient, facts requires that Defendant's Ninth and Tenth Affirmative Defenses fail and must be stricken with prejudice.

### *Eleventh Affirmative Defense*

35.     Defendant's purported Eleventh Affirmative Defense alleging "unclean hands" [Answer, ¶94] is duplicative of Defendant's Seventh Affirmative Defense and thus must be stricken with prejudice as redundant pursuant to Fla.R.Civ.P. 1.140(f).

36.     To the extent the Convention alleges that its own Board of Directors – versus Miracle Hill's Board – purportedly failed to "approve" the Pledge, such allegations do not rescue Defendant's Eleventh Affirmative Defense from the same infirmities as its Seventh Affirmative Defense. As constructed, the Eleventh Affirmative Defense is flawed and must be stricken.

### *Twelfth Affirmative Defense*

37.     Defendant's purported Twelfth Affirmative Defense alleging "equitable estoppel" [Answer, ¶95] is entirely duplicative of Defendant's Eighth Affirmative Defense and thus must be stricken with prejudice as redundant pursuant to Fla.R.Civ.P. 1.140(f). Without more specificity of the factual basis for this Affirmative Defenses, Plaintiff will incur unnecessary discovery costs to learn the factual basis of the Defendant's alleged Affirmative Defense. Accordingly, this Court should strike Defendant's so-called Twelfth Affirmative Defense.

### *Thirteenth and Fourteenth Affirmative Defenses*

38.     Defendant's Thirteenth and Fourteenth Affirmative Defenses [Answer, ¶¶96-97] alleging failure of board approval for the Pledge by the Convention's Board of Directors are redundant and entirely duplicative of Defendant's Third and Eleventh Affirmative Defenses, and thus must be stricken with prejudice pursuant to Fla.R.Civ.P. 1.140(f).

### RESERVATION OF RIGHTS

Plaintiff expressly reserves the right to amend or supplement this Motion at any time in the future.

**WHEREFORE**, for the reasons more particularly stated herein, Plaintiff respectfully requests that the Court enter an Order striking Defendant, Convention's Affirmative Defenses with prejudice, award Plaintiff and its reasonable attorneys' fees and costs incurred herein, and for such other and further relief as the Court deems just and proper.

Dated: June 27, 2023                    Respectfully submitted,

                                        **READ LAW PLLC**
                                        *Counsel for Plaintiff,*
                                        *1329 Abraham Street Holdings LLC*
                                        25 SE Second Avenue, Ste 828
                                        Miami, Florida 33131
                                        Phone: (561) 723-8158
                                        asr@alexisreadlaw.com

                                        By:    /s/ *Alexis S. Read*
                                             Alexis S. Read, Esq.
                                             Fla. Bar No. 98084


## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned hereby certifies that on June 27, 2023, she conferred with Richard Loudermilk, Esq., as counsel for the Convention, concerning this Motion and said Defendant objects to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 27, 2023, a true and correct copy of the foregoing was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin. 2.516, and/or by U.S. Mail to all parties on the Florida E-Portal Service List.


                    By:    /s/  *Alexis S. Read*
                         Alexis S. Read, Esq.
                         Fla. Bar No. 98084

# EXHIBIT "1"

CIBC Bank USA
Wire Department


Outgoing Wire - Advice of Debit

Date: 07/20/2022
Time: 07/20/2022 14:23:18 PST

Amount: 200,000.00
 Account Number: ***6962
Reference #: 20222010550200

Receiving Bank: SYNOVUS BANK

Receiving Bank ABA: 061100606
Receiving Bank Name: SYNOVUS BANK

Beneficiary Information
Beneficiary Party: *****16411
MIRACLE HILL NURSING & REHABILITATI


Reference for Beneficiary (RFB):


Beneficiary Info (OBI):
BLEIER SOD.MIRACLE HILL

Additional Information
Beneficiary Bank:

Bank to Bank Info (BBI):

Fed Reference Number (IMAD): 20220720L1LFBA4C001862

Forconsumer wire inquiries, contact 1-877-448-6500.For corporate Wire inquiries,
contact 1-312-564-6800,option # 1.

CIBC Bank USA
Wire Department


Outgoing Wire - Advice of Debit

Date: 07/28/2022
Time: 07/28/2022 10:20:23 PST

Amount: 100,000.00
 Account Number: ***6962
Reference #: 20222090433400

Receiving Bank: SYNOVUS BANK

Receiving Bank ABA: 061100606
Receiving Bank Name: SYNOVUS BANK

Beneficiary Information
Beneficiary Party: *****16411
MIRACLE HILL NURSING AND


Reference for Beneficiary (RFB):


Beneficiary Info (OBI):
REF:  BLEIER SOD.MIRACLE HILL

Additional Information
Beneficiary Bank:

Bank to Bank Info (BBI):

Fed Reference Number (IMAD): 20220728L1LFBA4C001462

Forconsumer wire inquiries, contact 1-877-448-6500.For corporate Wire inquiries,
contact 1-312-564-6800,option # 1.

CIBC Bank USA
Wire Department


Outgoing Wire - Advice of Debit

Date: 08/03/2022
Time: 08/03/2022 13:26:11 PST

Amount: 96,700.00
 Account Number: ***6962
Reference #: 20222150470400

Receiving Bank: SYNOVUS BANK

Receiving Bank ABA: 061100606
Receiving Bank Name: SYNOVUS BANK

Beneficiary Information
Beneficiary Party: *****16411
MIRACLE HILL NURSING & REHABILITATI


Reference for Beneficiary (RFB):


Beneficiary Info (OBI):
BLEIER SOD.MIRACLE HILL

Additional Information
Beneficiary Bank:

Bank to Bank Info (BBI):

Fed Reference Number (IMAD): 20220803L1LFBA4C001521

Forconsumer wire inquiries, contact 1-877-448-6500.For corporate Wire inquiries,
contact 1-312-564-6800,option # 1.

CIBC Bank USA
Wire Department


Outgoing Wire - Advice of Debit

Date: 08/22/2022
Time: 08/22/2022 08:02:26 PST

Amount: 200,000.00
 Account Number: ***6962
Reference #: 20222340140500

Receiving Bank: SYNOVUS BANK

Receiving Bank ABA: 061100606
Receiving Bank Name: SYNOVUS BANK

Beneficiary Information
Beneficiary Party: *****16411
MIRACLE HILL NURSING AND


Reference for Beneficiary (RFB):


Beneficiary Info (OBI):
REF:  BLEIER SOD.MIRACLE HILL

Additional Information
Beneficiary Bank:

Bank to Bank Info (BBI):

Fed Reference Number (IMAD): 20220822L1LFBA4C000276

Forconsumer wire inquiries, contact 1-877-448-6500.For corporate Wire inquiries,
contact 1-312-564-6800,option # 1.

## Alexis S. Read

| | |
|---|---|
| **From:** | Aaron Rokach <arokach@gutnicki.com> |
| **Sent:** | Thursday, June 1, 2023 4:45 PM |
| **To:** | Alexis S. Read |
| **Cc:** | Aharon Kaye; Madison Amboian |
| **Subject:** | FW: Miracle Hill |

**Aaron Rokach**

**GUTNICKI**

4711 Golf Road, Suite 200
Skokie, IL 60076
Tel: (847) 745-6938
Fax: (847) 933-9285
arokach@gutnicki.com
www.gutnicki.com

**From:** Pollan, Adina <apollan@mcglinchey.com>
**Sent:** Tuesday, July 19, 2022 3:32 PM
**To:** Aaron Rokach <arokach@gutnicki.com>
**Subject:** RE: Miracle Hill

This is acceptable to Dr. Williams.

**Adina Pollan**
Attorney at Law

apollan@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4487  F (904) 212-1464

bio | vCard | mcglinchey.com



Alabama California Florida Louisiana Massachusetts Mississippi
New York Ohio Tennessee Texas Washington Washington, DC

**From:** Aaron Rokach <arokach@gutnicki.com>
**Sent:** Tuesday, July 19, 2022 4:10 PM
**To:** Pollan, Adina <apollan@mcglinchey.com>
**Subject:** RE: Miracle Hill

Thanks, can you please also confirm the point from yesterday's email about funding mortgage recording/intangible tax from future loan proceeds?

1

# EXHIBIT "2"

# State of Florida
## Department of State

I certify from the records of this office that 1329 ABRAHAM STREET HOLDINGS LLC is a Delaware limited liability company authorized to transact business in the State of Florida, qualified on May 25, 2023.

The document number of this limited liability company is M23000007224.

I further certify that said limited liability company has paid all fees due this office through December 31, 2023 and that its status is active.

I further certify that said limited liability company has not filed a Certificate of Withdrawal.

*Given under my hand and the*
*Great Seal of the State of Florida*
*at Tallahassee, the Capital, this*
*the Twentieth day of June, 2023*



*Secretary of State*

Tracking Number: 6688558320CU

To authenticate this certificate,visit the following site,enter this number, and then follow the instructions displayed.

https://services.sunbiz.org/Filings/CertificateOfStatus/CertificateAuthentication